IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MORGAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LEONARD ODDO, *Warden of Moshannon* ) <br> *Valley Processing Center*; ) <br> BRIAN McSHANE, *Acting Field Office* ) <br> *Director of the Immigration and Customs* ) <br> *Enforcement, Enforcement and Removal* ) <br> *Operations Philadelphia Field Office*; ) <br> ALEJANDRO MAYORKAS, *Secretary of the* ) <br> *Department of Homeland Security; and* ) <br> MERRICK GARLAND, *Attorney General of* ) <br> *the United States*, ) <br> ) <br> Respondents. ) | Civil Action No. 3:24-cv-221 <br><br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 38 |

**MEMORANDUM ORDER**

Currently before this Court is Petitioner's Motion to Enforce Order Granting Petition for Writ of Habeas Corpus (the "Motion"). ECF No. 38. For the reasons that follow, the Motion will be denied.[1]

**I.   RELEVANT BACKGROUND**

Petitioner Michael Morgan ("Petitioner") is an immigration detainee who, at the initiation of this matter, was held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[2] Petitioner submitted a "Verified Petition for a Writ of Habeas Corpus" (the

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge on October 9, 2024. ECF Nos. 8 and 9.

[2] On April 7, 2025, Petitioner was transferred to the Buffalo (Batavia) Service Processing Center in Batavia, New York, where he remains in immigration custody. ECF No. 28. The transfer was effected well after the filing of this case, and does not divest this Court of jurisdiction. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 448 (3d Cir. 2021).

1

"Petition") on September 25, 2024.  ECF No. 1, refiled as errata at ECF No. 2.  In the Petition, Petitioner challenged his lengthy immigration detention pursuant to 8 U.S.C. § 1226(c), and sought an order requiring a bond hearing before an immigration judge ("IJ") at which the Department of Homeland Security (the "DHS") bore the burden to demonstrate that he should remain detained.  ECF No. 2 at 1, 24-25.  The Petition was answered by Respondents, ECF No. 11, Petitioner replied thereto, ECF No. 17, and Respondents submitted a sur-reply pursuant to this Court's direction, ECF Nos. 18 and 20.

On April 17, 2025, this Court conditionally granted the Petition, and ordered that Petitioner be granted a bond hearing.  ECF Nos. 31 and 32.  The Order read, in pertinent part:

> AND NOW, this 17<u>th</u> day of April, 2025, for the reasons stated in the Memorandum Opinion contemporaneously filed herewith, IT IS HERBEY ORDERED, ADJUDGED, and DECREED that Petitioner's "Verified Petition for a Writ of Habeas Corpus," ECF No. 1, refiled as errata at ECF No. 2, is CONDITIONALLY GRANTED.
>
> IT IS FURTHER ORDERED that Petitioner shall be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review on or before May 19, 2025.  At said bond hearing, the Government shall bear the burden to justify Petitioner's detention by clear and convincing evidence.  German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203, 213 (3d Cir. 2020).  "That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community."  Id. at 214.
>
> If Respondents fail to provide Petitioner with a bond hearing satisfying those requirements by that date, THE WRIT SHALL ISSUE, and Petitioner shall be released with conditions of supervision consistent with applicable law.

ECF No. 32 at 1-2.

Petitioner was provided a bond hearing before an immigration judge ("IJ") on May 6, 2025, at which Petitioner was represented by counsel.  ECF No. 35.  A transcript of the hearing is on the record at ECF No. 39-2.

At the hearing, the DHS primarily relied on a "Form I-213 Record of Deportable/Inadmissible Alien," which appears to be a DHS internal report relating to Petitioner's history and immigration proceedings, ECF Nos. 39-1 at 4 and 39-3 at 4; the Judgment Order in United States v. Morgan, No. 1:21-cr-556 (S.D.N.Y), which is Petitioner's 2021 firearms trafficking case, ECF Nos. 39-1 at 4 and 39-3 at 8; a redacted Presentence Investigation Report ("PSIR") and addendum thereto from the same case, which related Petitioner's criminal history, ECF Nos. 39-1 at 1 and 39-3 at 15; and Petitioner's criminal conviction record from Baltimore, Maryland, ECF Nos. 39-1 at 4 and 39-3 at 39.[3]

Petitioner submitted rebuttal evidence at his bond hearing, which was filed under seal on the docket of this case at ECF No. 50. This filing included various articles of evidence which were reviewed by this Court while preparing this Order, but which will not be discussed in detail in light of the seal. Id.

On May 21, 2025, the IJ issued and eight-page decision, at the conclusion of which he ordered "that [Petitioner's] request for a change in custody status is **DENIED**." ECF No. 39-1 at 9 (emphasis in original).

In his opinion, the IJ acknowledged this Court's order conditionally granting the writ, as well as the burden imposed on the DHS by the United States Court of Appeals for the Third Circuit in German Santos, 965 F.3d at 213-14. Id. at 3-5.

In denying bond, the IJ relied upon Petitioner's "lengthy criminal history" to conclude that the DHS had established that Petitioner presented a "current danger to persons and property." Id.

---

[3] While not mentioned either during the bond hearing or in the IJ's order, it is worth noting that the public record indicates that the Southern District of New York adopted the factual findings of the PSIR during Petitioner's June 2, 2022 plea and sentencing hearing. Morgan, No. 1:21-cr-556, ECF No. 33 at 4.

at 3 and 6-8 (citing Chi Thon Ngo v. INS, 192 F.3d 390, 398-99 (3d Cir. 1999), amended (Dec. 30, 1999) for the proposition that determining Petitioner's dangerousness based solely on his past criminal record does not satisfy due process.). The IJ further relied on Petitioner's criminal history and his removability to find that DHS had established by clear and convincing evidence that Petitioner was a flight risk as well. Id. at 8-9.

The IJ acknowledged the rebuttal evidence presented by Petitioner, but opined that it did not outweigh the evidence submitted by the DHS. Id. at 4, 7-8.

Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on June 17, 2025. ECF No. 39-6 at 1. While the public record of Petitioner's underlying immigration case is almost non-existent, it appears from the information provided by the parties to date that Petitioner's appeal from the order denying bond remains pending.

On August 8, 2025, Petitioner filed the instant Motion, ECF No. 38, and a supporting brief, ECF No. 39. The substance of Petitioner's argument is that the IJ failed to comply with this Court's Order conditionally granting the writ because he failed to hold the DHS to the clear and convincing standard, ECF No. 39 at 17, relied on stale evidence of Petitioner's danger to the community, id. at 18, mischaracterized the record evidence, id. at 19-22, and generally botched his assessment of Petitioner's risk of flight, id. at 22-23. Petitioner asserts that this is an ongoing violation of his right to due process, the remedy for which is immediate release subject to appropriate conditions of supervision. Id. at 23.

Respondents responded in opposition to the Motion on August 15, 2025. ECF No. 44. Petitioner replied on August 22, 2025. ECF No 46. The Motion is ripe for disposition.

## II.     JURISDICTION

Respondents argue that the Immigration and Nationality Act ("INA") divests this Court to review the IJ's bond determination. ECF No. 44 at 7. Specifically, 8 U.S.C. § 1226(e) states:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

Petitioner concedes that this Court may not review of an IJ's discretionary decision-making with respect to bond, but maintains that this Court retains jurisdiction to review compliance with its order conditionally granting federal habeas relief. ECF No. 46 at 5-6.

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. See, e.g., Fernandez Aguirre v. Barr, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). Cf. Satterlee v. Wolfenbarger, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). Accord. Haskell v. Folino, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). However, there is little guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.

But in Ghanem v. Warden Essex County Correctional Facility, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), a non-precedential opinion issued after German Santos, the Third Circuit discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for compliance with at order conditionally granting federal habeas relief. It stated that "[a]lthough we lack jurisdiction to review any discretionary determinations

5

underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair." Id. at *2 (citation footnotes omitted).

Applying this direction from the Third Circuit, this Court rejects Respondents' argument that Section 1226(e) divests it of jurisdiction. To the contrary, this Court retains jurisdiction to review the bond hearing for fundamental fairness.

## III.   EXHAUSTION

Respondents argue that Petitioner's Motion should be denied for failing to exhaust administrative remedies, because his appeal from the IJ's bond order is pending at the BIA. ECF No. 44 at 8 (citing 8 C.F.R. §§ 1003.19(f) and 1003.38).

While Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

But it is not clear that there is any exhaustion issue here at all. This is not a newly-filed habeas petition in which Petitioner seeks habeas review of the IJ's decision denying bond. Instead, Petitioner seeks federal habeas relief from his lengthy mandatory detention under Section 1226(c). And as to that issue, the writ already has been conditionally granted. ECF No. 32. Petitioner asks this Court to review the IJ's hearing for compliance with that Order. Accordingly, it appears that there is nothing left for Petitioner to exhaust. See, e.g., Luciano-Jimenez v. Doll, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021).

Moreover, to the extent that any exhaustion issue exists, exhaustion in this context is not mandatory, but prudential, and may be excused. Chajchic v. Rowley, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), report and recommendation adopted, 2017 WL 4387062

(M.D. Pa. Oct. 3, 2017).  Therefore, the undersigned concludes that the exhaustion doctrine does not bar this Court's review of Petitioner's Motion.

IV.     **MERITS**

At the outset, the parties appear disinclined to agree on what standard this Court must apply to review the IJ's order.  While not stating as much explicitly, Petitioner appears to advocate for a standard that at least approaches *de novo* review, inviting this Court to examine how the IJ weighed the evidence at Petitioner's bond hearing.  ECF No. 39 at 16-23; ECF No. 46 at 10.  But see ECF No. 46 at 6 (conceding that "[w]hile discretionary decision-making is not reviewable in habeas proceedings, a district court retains jurisdiction to enforce its prior order, including issues of constitutionality and law.").  To the extent that Petitioner's position is that *de novo* review is appropriate here, he is incorrect.  Chajchic, 2017 WL 4401895, at *3 ("This court does not sit as a plenary tribunal conducting *de novo* reviews of Immigration Judge bond decisions.  Quite the contrary, our role in this field, while constitutionally vital, is narrow.").

For their part, Respondents argue that any review of the bond hearing is barred by Section 1226(e).  ECF No. 44 at 7-8.  To the extent that we are permitted to review it at all, Respondents assert that "this Court's review must be exceedingly narrow and deferential."  Id. at 9.

The parties' failure to articulate a clear standard of review, while unhelpful, is not surprising.  The Third Circuit has not provided much in the way of definitive guidance on how a district court should review an IJ's bond determination for compliance with an order granting federal habeas relief – especially in the wake of the passage of the Illegal Immigration Reform and

Immigrant Responsibility Act of 1996, ("IIRIRA"), which resulted in the relevant language of the current version of Section 1226(e).[4] Pub. L. No. 104–208, 110 Stat. 3009.

But in Ghanem, the Third Circuit recognized that, even in the wake of Section 1226(e), and on a motion to enforce a grant of habeas relief, federal courts retain the authority to review whether a resulting immigration bond hearing is fundamentally unfair. 2022 WL 574624, at *2. It further recognized that "[i]n a fundamentally fair bond hearing, due process has three essential elements. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." Id. (citation footnote and internal quotation marks omitted). The undersigned is persuaded by this authority, and will review the bond hearing for these three elements.

As to elements (1) and (2), there is not much dispute. First, the record indicates that both parties submitted evidence in advance of the May 6, 2025, bond hearing, and that it was considered both at the hearing, as well as in the bond decision issued on May 21, 2025. ECF No. 39-1 at 4; ECF No. 39-2 at 14. Second, Petitioner, represented by counsel, made arguments on his own behalf at the bond hearing – although the burden of proof was on the DHS. ECF No. 39-2 at 18.

---

[4] Section 1226(e) recently was amended again with respect to its initial language in IIRIRA by the Laken Riley Act, as follows:

> (e) Judicial review
>
> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Pub. L. 119-1, Jan. 29, 2025, 139 Stat 3. This amendment does not resolve the conflict between habeas and immigration law created by IIRIRA.

8

Instead, Petitioner's argument rest on the third element – that Respondents failed to comply with conditional grant of federal habeas relief because the IJ did not provide Petitioner with an individualized bond hearing. ECF No. 39 at 16. With respect to the determination that Petitioner presented a danger to the community, Petitioner raises the following assertions in support of his argument:

- The IJ improperly based his determination on Petitioner's criminal history, and not his current danger, and misstated the standard for determining the same. Id. at 16-19.

- The IJ "grossly mischaracterized the evidentiary record" by not acknowledging the significant downward departure from the guideline range of the sentence imposed by the Southern District of New York, and giving proper weight to the fact that, if released, Petitioner would remain on supervised release as part of his sentence. Id. at 19.

- The IJ improperly failed to take into account evidence of Petitioner's rehabilitation because Petitioner has been in some form of custody since his arrest for his firearms trafficking crime. Id. at 20-21.

- The IJ did not provide proper weight in consideration of affidavits and letters of support submitted on Petitioner's behalf, and improperly characterized them all as having been provided in support of his sentencing hearing. Id. at 20-21.

Petitioner argues that the aggregate of these errors demonstrate that Petitioner was not afforded a bond hearing at which the DHS bore the burden to demonstrate, by clear and convincing evidence, that Petitioner was a danger to the community. Id. at 21-22.

With respect to risk of flight, Petitioner argues that he was denied an individualized bond hearing by because the IJ relied on his order of removal, speculation that the DHS might be successful in its appeal from the limited relief that Petitioner already has received from that order of removal, and by discounting evidence of Petitioner's significant ties to his community and his family in the United States. Id. at 22. Thus, according to Petitioner, the IJ's determination that he was a flight risk was "completely unfounded and detached from the required individualized assessment this Court ordered." Id. at 23.

Upon review, Petitioner has not established that the IJ's bond hearing and subsequent denial of bond was not individualized – at least with respect to the determination of Petitioner's danger to the community.[5] The IJ acknowledged the DHS's burden to prove this by clear and convincing evidence. ECF No. 39-1 at 3-5 and 7. He examined the evidence of Petitioner's criminal history, found that Petitioner's 2022 firearms trafficking conviction was "serious and relatively recent[,]" after examining the facts underlying that conviction as related by the PSIR, and noted Petitioner's prior murder conviction, acknowledging that it was "relatively long ago." Id. at 6-7. The IJ weighed this evidence against Petitioner's rebuttal evidence, but found that the latter should be accorded little weight, either because the various declarants were not subject to cross examination, or that the evidence did not mitigate the evidence of danger. Id. at 7.

The undersigned acknowledges that the IJ, at one point, indicated that Petitioner was a "current danger to persons and property." Id. at 6. The IJ further incorrectly stated that the letters and affidavits submitted on Petitioner's behalf appeared to be from his 2022 plea and sentencing hearing in the Southern District of New York, when many of the same post-dated that hearing. Id. at 7; ECF No. 50.

Be that as it may, the IJ's determination as to Petitioner's danger to the community does not appear to rest on "plain legal error by misidentifying or misapplying the relevant legal precepts." Romero v. Ogle, No. 1:21-CV- 01192, 2021 WL 8362027, at *2 (M.D. Pa. Nov. 12, 2021). The IJ's determination does not appear to lack a rational basis. Id. at *3.

This Motion does not provide an opportunity to reweigh the evidence submitted at the bond hearing, or to review the IJ's determination *de novo*. Id. See also Chajchic, 2017 WL 4401895,

---

[5] Because a determination that Petitioner is a danger to the community is sufficient to support the denial of bond under German Santos, this Court need not – and thus does not – examine the IJ's determination of Petitioner's risk of flight.

at *3.  See also Ghanem, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order").  While this Court does not express any opinion on whether the IJ came to the correct conclusion, there can be little doubt that the bond hearing was individualized – at least with respect to the determination of Petitioner's danger to the community.  Therefore, the Motion will be denied.

V.   **CONCLUSION**

For the reasons set forth herein, the Motion will be denied.  It is important, however, to reiterated that this order is not a ruling on the merits of the IJ's decision to deny bond.  Such a determination is beyond the permissible scope of this Court's review, and must be left to the BIA.  Accordingly, nothing in this Order should be read to interfere with the BIA's review of the merits of the IJ's decision denying bond.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241.  Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011).  See also 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.

AND NOW, this 16th day of September, 2025, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Petitioner's Motion to Enforce Order Granting Petition for Writ of Habeas Corpus, ECF No. 38, is DENIED.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record (*via* CM/ECF)